UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY CHAMBERS,

    Plaintiff,

v.                                                                      Hon. Robert J. Jonker

CITY OF HOLLAND AND                          Case No. 1:23-cv-779
JUANITA BOCANEGRA,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Frequent filer Jeffrey Chambers returns to this Court once again, having initiated this action on July 24, 2023, by filing a complaint against the City of Holland and Ottawa County 58th District Court Judge Juanita Bocanegra. Chambers brings this action pursuant to 42 U.S.C. § 1983, alleging that Judge Bocanegra violated several of his federal constitutional rights while presiding over Case No. HL-20-086114-OM. (ECF No. 1.) Having granted Chambers's motion to proceed as a pauper (ECF No. 4), I have conducted an initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted. Based on this review, I recommend that the complaint be dismissed because it fails to state a claim upon which relief may be granted and is frivolous. I further recommend that the Court bar Chambers from filing any further actions relating to Case No. HL-20-086114-OM, regardless of whether he seeks *in forma pauperis* status or pays the filing fee.

This is not Chambers's first action concerning Case No. HL-20-086114-OM. In Case No. 1:21-cv-123, he sued the City of Holland, Judge Bocanegra, and City Attorney Derek Dalman. Following initial review the Court dismissed the complaint as *Heck*-barred and because Judge

Bocanegra was entitled to absolute judicial immunity, and Attorney Dalman was entitled to prosecutorial immunity. The Court further observed that it lacked authority to grant Chambers's request to remove Judge Bocanegra from the bench. (Case No. 1:21-cv-123, ECF Nos. 5 and 7.)

In Case No. 1:21-cv-842, Chambers sued the People of the State of Michigan, which the Court construed as the State of Michigan, and the City of Holland. The Court concluded that the Eleventh Amendment barred the claim against the State of Michigan and that the State was not a "person" under Section 1983, that Chambers failed to allege a *Monell* claim (or any other claim) against the City, and his claims were *Heck*-barred and ran afoul of the *Rooker-Feldman* doctrine to the extent his claims sought review of the state-court judgment. (Case No. 1:21-cv-842, ECF Nos. 6 and 7.)

Finally, in Case No. 1:23-cv-240, Chambers sued the City of Holland. This time the Court held that Plaintiff's claims were barred by the doctrine of claim preclusion. (Case No. 1:23-cv-240, ECF Nos. 7 and 8.) The instant action is subject to dismissal for the same reasons set forth in the prior actions.

Chambers has abused the privilege of proceeding *in forma pauperis* in this Court by filing serial frivolous actions concerning Case No. HL-20-086114-OM. Although a court may not absolutely bar an individual from filing an action in federal district court, *see Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1996), "[a] district court has the authority to issue an injunctive order to prevent prolific and vexatious litigants from filing pleadings without first meeting pre-filing restrictions." *Stewart v. Fleet Fin.*, No. 99-2282, 2000 WL 1176881, at *2 (6th Cir. Aug. 10, 2000) (citing *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998), and *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987)). Chambers should not be permitted to continue to tax the limited judicial resources of this district by filing frivolous actions. Therefore, I recommend that

the Court place Chambers on restricted filer status and bar him from filing any further actions alleging injury arising out of the proceedings in Case No. HL-20-086114-OM, regardless of whether he seeks to file as a pauper or pays the filing fee.

## CONCLUSION

For the foregoing reasons, I recommend that this action be **dismissed with prejudice**. I further recommend that Chambers be placed on restricted filer status as set forth above. The Court must also decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Good faith is judged objectively, *Coppedge v. United States*, 369 U.S. 438, 445 (1962), and an appeal is not taken in good faith if the issue presented is frivolous, defined as lacking an arguable basis either in fact or law. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). For the same reasons that I recommend dismissal of the action, I discern no good faith basis for an appeal and recommend that, should Chambers appeal this decision, the Court assess the $505.00 appellate filing fee pursuant to Section 1915(b)(1), *see McGore*, 114 F.3d at 610-11.

Date:  July 28, 2023                              /s/ Sally J. Berens
                                                  SALLY J. BERENS
                                                  U.S. Magistrate Judge

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).